IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

**SAMUEL "TY" NORTON,**

**Plaintiff,**

**vs.**

**ON THE LEVEL DEVELOPMENT GROUP, INC. AND ROBERT BRIAN TRAVERS,**

**Defendants.**

Civil Action No.
_____

# COMPLAINT

Plaintiff Samuel "Ty" Norton ("Norton") brings this Complaint against Defendants On the Level Development Group, Inc. ("On the Level") and Robert Brian Travers ("Travers") (collectively "Defendants") alleging violation of the Fair Labor Standards Act's maximum hour provisions (29 U.S.C. § 207) and shows the Court as follows:

**1. INTRODUCTION**

1.

Defendants own and operate a residential remodeling business that employed Norton as a laborer. Norton often worked more than forty hours each week but the Defendants misclassified him as an independent contractor in order to avoid paying Norton the premium required by the FLSA.

## 2. JURISDICTION AND VENUE

2.

This Court has subject matter jurisdiction over the present action under Article III, § 2 of the United States Constitution, FLSA § 16(b), 29 U.S.C. § 216(b), 28 U.S.C § 1331, because this case arises under the FLSA, a federal statute that affects interstate commerce.

3.

Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391 because On the Level maintains its principal place of business in this judicial district and a substantial portion of the events giving rise to the claims herein arose in this judicial district.

## 3. THE PARTIES

4.

Norton is a natural person who resides in Rockdale County, Georgia.

5.

Norton was hired and worked for On the Level as a laborer from approximately March 15, 2015 through June 29, 2020.

6.

On the Level is a domestic profit corporation organized under the laws of the State of Georgia.

7.

On the Level is subject to the personal jurisdiction of this Court.

8.

On the Level may be served through its registered agent Robert Brian Travers at 357 Old Kerns Road, Dawsonville, Georgia 30534.

9.

Travers is a natural person who resides in Lumpkin County, Georgia.

10.

Travers is subject to the personal jurisdiction of this Court.

11.

Travers may be served with process at 357 Old Kerns Road, Dawsonville, Georgia 30534 or wherever he may be found.

**4.    ENTERPRISE FLSA COVERAGE**

12.

Throughout the period from August 2017 through June 29, 2020 (hereinafter "The Relevant Time Period"), On the Level was an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of 29 U.S.C. § 207(a)(1).

13.

Throughout the Relevant Time Period, two or more employees of On the Level handled materials used by the company for its business purposes including, but not limited to, tools, machinery, appliances, office furniture, phones, computers, and office supplies.

14.

Throughout 2017, On the Level had two or more "employees engaged in commerce" within the meaning of 29 U.S.C. § 203(s)(1)(A).

15.

Throughout 2018, On the Level had two or more "employees engaged in commerce" within the meaning of 29 U.S.C. § 203(s)(1)(A).

16.

Throughout 2019, On the Level had two or more "employees engaged in commerce" within the meaning of 29 U.S.C. § 203(s)(1)(A).

17.

Throughout 2020, On the Level had two or more "employees engaged in commerce" within the meaning of 29 U.S.C. § 203(s)(1)(A).

18.

Throughout 2017, On the Level had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" within the meaning of 29 U.S.C. § 203(s)(1)(A).

19.

Throughout 2018, On the Level had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" within the meaning of 29 U.S.C. § 203(s)(1)(A).

20.

Throughout 2019, On the Level had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" within the meaning of 29 U.S.C. § 203(s)(1)(A).

21.

Throughout 2020, On the Level had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" within the meaning of 29 U.S.C. § 203(s)(1)(A).

22.

In 2017, On the Level had an annual gross volume of sales made or business done of not less than $500,000.

23.

In 2018, On the Level had an annual gross volume of sales made or business done of not less than $500,000.

24.

In 2019, On the Level had an annual gross volume of sales made or business done of not less than $500,000.

25.

In 2020, On the Level had an annual gross volume of sales made or business done of not less than $500,000.

26.

During 2017, On the Level had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

27.

In 2018, On the Level had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

28.

In 2019, On the Level had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

29.

In 2020, On the Level had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

30.

Throughout the Relevant Time Period, On the Level has been an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of 29 U.S.C. § 203(s)(1).

### 5.   INDIVIDUAL FLSA COVERAGE

31.

Throughout the Relevant Time Period, in connection with his work for On the Level as a laborer, Norton was "engaged in commerce" within the meaning of 29 U.S.C. § 207(a)(1).

### 6.   NORTON WAS AN EMPLOYEE OF ON THE LEVEL

32.

Defendant Travers hired Norton on or about March 15, 2015.

33.

Norton worked for On the Level as a laborer from March 15, 2015 through June 29, 2020.

34.

Throughout the Relevant Time Period, On the Level bore all costs associated with advertising, marketing, and promoting the business of On the Level.

35.

Throughout the Relevant Time Period, Norton did not advertise on his own behalf in connection with the type of services he performed for On the Level.

36.

Throughout the Relevant Time Period, Norton did not make any significant investments into his work such that he shared any significant risk of loss.

37.

Throughout the Relevant Time Period, Norton did not exercise independent business judgment in connection with his work for On the Level.

38.

Throughout the Relevant Time Period, Norton did not solicit customers on his own behalf and all of his efforts were directed at serving the customers, employees and agents of On the Level.

39.

Norton generally worked full time for On the Level during the Relevant Time Period.

40.

During the Relevant Time Period, the primary business purpose of On the Level was remodeling residential properties .

41.

As a laborer performing remodeling, Norton's work for On the Level was integral to Company's business purpose.

42.

Throughout the Relevant Time Period, other than his own personal hand tools, all materials and equipment necessary for Norton to perform his job duties as a laborer were provided to him by Defendants.

43.

On the Level's investment in its own business greatly outweigh Norton's investment in his work for On the Level.

44.

On the Level considered Norton as an independent contractor during the Relevant Time Period.

45.

On the Level issued Norton an IRS Form 1099-MISC for some, but not all, tax years during the Relevant Time Period.

46.

Throughout the Relevant Time Period, Norton was an "employee" as a matter of economic reality, rather than an independent contractor.

47.

Throughout the Relevant Time Period, Norton was an "employee" within the meaning of 29 U.S.C. § 203(e)(1).

48.

Throughout the Relevant Time Period, On the Level was Norton's "employer" within the meaning of 29 U.S.C. § 203(d).

49.

Throughout the Relevant Time Period, Travers was the owner and/or operator of On the Level.

50.

Throughout the Relevant Time Period, Travers was the Secretary, CEO and CFO of On the Level.

51.

Throughout the Relevant Time Period, Travers exercised operational control over Norton's work activities.

52.

Throughout the Relevant Time Period, Travers was involved in the day to day operation of On the Level.

53.

Throughout the Relevant Time Period, On the Level vested Travers with supervisory authority over Norton.

54.

Throughout the Relevant Time Period, Travers exercised supervisory authority over Norton.

55.

Throughout the Relevant Time Period, Travers scheduled Norton's working hours or supervised the scheduling of Norton's working hours.

56.

Throughout the Relevant Time Period, Travers directed Norton in the performance of his job assignments for On the Level.

57.

Throughout the Relevant Time Period, Travers exercised authority and supervision over Norton's compensation.

58.

Throughout the Relevant Time Period, Travers was Norton's "employer" within the meaning of 29 U.S.C. § 203(d).

### 7. NORTON'S NON-EXEMPT STATUS

59.

At all times during the Relevant Time Period, Norton was compensated at an hourly rate for the work he performed as a laborer for On the Level.

60.

Norton was not exempt from the maximum hour requirements of the FLSA by reason of any exemption during any period of his employment with Defendants.

61.

Throughout the Relevant Time Period, On the Level did not employ Norton in a bona fide professional capacity within the meaning of 29 USC § 213 (a).

62.

Throughout the Relevant Time Period, Norton did not possess a specialized degree or certification that he utilized to perform his duties on behalf of Defendants.

63.

Throughout the Relevant Time Period, On the Level did not employ Norton in a bona fide administrative capacity within the meaning of 29 USC § 213 (a).

64.

Throughout the Relevant Time Period, On the Level did not employ Norton in a bona fide executive capacity within the meaning of 29 USC § 213 (a).

65.

Throughout the Relevant Time Period, On the Level did not employ Norton in the capacity of an "outside salesman" so as to be exempt from the maximum hour requirements of 29 USC § 213 (a).

8. **FLSA OVERTIME VIOLATION**

66.

At all times relevant from August 2017 through approximately May 20, 2019, On the Level compensated Norton at an hourly rate of $18.00.

67.

At all times relevant from approximately May 21, 2019 through June 29, 2020, On the Level compensated Norton at an hourly rate of $20.00.

68.

Throughout the Relevant Time Period, Norton generally worked 5 days during most work weeks.

69.

Throughout the Relevant Time Period, Norton at times worked 6 or 7 days during some work weeks.

70.

Throughout the Relevant Time Period, the hours Norton worked varied from week to week depending on his job assignments.

71.

Throughout the Relevant Time Period, Norton typically worked 10-14 hours during most work days.

72.

Throughout the Relevant Time Period, Norton typically worked 50-70 hours during most work weeks.

73.

During the Relevant Time Period, Norton has at times worked more than 80 hours in a work week.

74.

Throughout the Relevant Time Period, Defendants were aware of Norton's actual hours worked.

75.

Throughout the Relevant Time Period, Norton regularly worked in excess of 40 hours during most, if not all, work weeks.

76.

Throughout the Relevant Time Period, Defendants compensated Norton at his regular hourly rate of pay (*i.e.* straight pay) for each hour he worked regardless of how many hours he actually worked during each work week.

77.

Throughout the Relevant Time Period, Defendants failed to compensate Norton at one-and-one-half times his regular hourly rate for all hours he worked in excess of 40 hours worked in each workweek.

## 9.     COUNT I — FAILURE TO PAY OVERTIME

78.

The allegations in all previous paragraphs above are incorporated by reference as if fully set out in this paragraph.

79.

Throughout the Relevant Time Period, Norton was an employee covered by the FLSA's maximum hour provisions set forth in 29 U.S.C. § 207(a).

80.

Throughout the Relevant Time Period, Norton regularly worked for Defendants in excess of 40 hours during each work week.

81.

Throughout the Relevant Time Period, Defendants failed to compensate Norton at one-and-one-half times his regular hourly rate for work in excess of 40 hours in each work week.

82.

Defendants are jointly and severally liable to Norton for payment of all due and unpaid overtime compensation during the Relevant Time Period, in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

83.

As a result of the underpayment of overtime compensation as alleged above, Norton is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

84.

As a result of the underpayment of overtime compensation as alleged above, Norton is entitled to his litigation costs, including his reasonable attorney's fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

WHEREFORE, Norton respectfully prays:

1. That he be awarded an amount to be determined at trial against Defendants, jointly and severally, in unpaid overtime compensation due under the FLSA;

2. That he be awarded an additional like amount against Defendants, jointly and severally, in liquidated damages;

3. That he be awarded his costs of litigation, including his reasonable attorneys' fees against Defendants, jointly and severally; and

4. For such other and further relief as the Court deems just and proper.

Respectfully submitted,

101 Marietta Street, N.W.
Suite 2650
Atlanta, Georgia 30303
(404) 979-3150
(404) 979-3170 (f)
charlesbridgers@dcbflegal.com
kevin.fitzpatrick@dcbflegal.com

**DELONG CALDWELL BRIDGERS FITZPATRICK & BENJAMIN, LLC**

*/s/ Charles R. Bridgers*
Charles R. Bridgers
Ga. Bar No. 080791
Kevin D. Fitzpatrick, Jr.
Ga. Bar No. 262375

Counsel for Plaintiff